IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENEVA KING,**

        **Plaintiff,**

  vs.                                      Civil Action 2:11-CV-339
                                                   Judge Graham
                                                   Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

OPINION and ORDER

This action seeks review of the administrative decision denying plaintiff's application for supplemental security income. On August 1, 2012, the United States Magistrate Judge recommended that the matter be remanded to the Commissioner of Social Security, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence. *Report and Recommendation*, Doc. No. 21. This matter is now before the Court on the Commissioner's objection to that recommendation. *Objection*, Doc. No. 22. The Court will consider the matter *de novo*. *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

In her *Report and Recommendation*, the Magistrate Judge concluded that the administrative law judge had not erred in rejecting the opinions of two consultative examiners. The Magistrate Judge also concluded, however, that evidence not available to plaintiff at the time the administrative law judge issued his decision was new and that plaintiff had good cause for not incorporating the evidence into proceedings before the administrative law judge. The Magistrate Judge also found the new evidence to be material to plaintiff's application for benefits:

> . . . [M]any of the records relate to plaintiff's affective disorder and anxiety disorder which the administrative law judge included among plaintiff's severe impairments. Furthermore, the February 2010 MRI of plaintiff's right shoulder, A.R. 148-57, may provide some documentation of plaintiff's complaints of right shoulder pain, which the

>   administrative law judge acknowledged but did not
>   include among plaintiff's severe impairments. *See*
>   A.R. 16. Thus, the new evidence is material
>   because there is a reasonable probability that the
>   Commissioner would have reached a different result
>   had the records been before the administrative law
>   judge.

*Report and Recommendation*, pp. 13-14. The Commissioner objects to the recommendation that the case be remanded pursuant to Sentence 6, taking the position that none of the new evidence submitted by plaintiff is material to the resolution of plaintiff's claimed disability.

The Social Security Act permits a court to order

>   additional evidence to be taken before the
>   Commissioner of Social Security, but only upon a
>   showing that there is new evidence which is
>   material and that there is good cause for the
>   failure to incorporate such evidence into the
>   record in a prior proceeding; . . .

42 U.S.C. §405(g), Sentence 6. Evidence is "material" only if there is "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010), quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). In arguing that the new evidence presented by plaintiff is not material, the Commissioner first contends that none of the new evidence relates to the period addressed by the administrative law judge, *i.e.*, prior to September 15, 2009. To the contrary, the February 2010 MRI of plaintiff's right shoulder, A.R. 342-45, at least, would appear to relate to the finding by the consultative examiner, Robert M. Hess, M.D., that plaintiff's range of motion of the right shoulder was slightly reduced, A.R. 210, and who opined that plaintiff could never reach with her right hand. A.R. 218. Because the administrative law judge did not include a right shoulder impairment among plaintiff's severe impairments, this

new evidence raises a reasonable probability that the Commissioner would have reached a different disposition of plaintiff's disability claim if presented with this new evidence.

In addressing much of the other new evidence, the Commissioner engages in a substantive evaluation of that evidence and concludes that the new evidence would not militate in favor of a finding of disability. However, in the view of this Court, the sort of evaluation undertaken by the Commissioner in his *Objection* is better left for the Commissioner during the course of administrative proceedings and not in proceedings before this Court. It is, after all, the Commissioner who is charged with determining in the first instance whether a claimant is in fact disabled. For purposes of a Sentence 6 remand, a plaintiff need only establish a reasonable probability that the Commissioner would have reached a different result, not the certainty of a grant of benefits. Plaintiff has made such a showing in this case.

In short, the Court concludes that the Commissioner's *Objection*, Doc. No. 22, is **DENIED**. The *Report and Recommendation*, Doc. No. 21, is **ADOPTED AND AFFIRMED**. The action is **REMANDED** to the Commissioner of Social Security, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new evidence.


Date: September 7, 2012                     s/James L. Graham
                                     James L. Graham
                                     United States District Judge